UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY ALLEN CAUDLE, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | No. 2:16-cv-411-LJM-DKL |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Gregory Allen Caudle for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Caudle is confined at an Indiana prisoner serving the executed portion of a 38-year sentence imposed in 2013 following his convictions in an Indiana state court for burglary and for resisting law enforcement. He was also found to be a habitual offender. He started a direct appeal, but moved to withdraw the appeal on January 30, 2014. On February 14, 2014, the Indiana Court of Appeals dismissed the direct appeal with prejudice.

The dismissal of Caudle's direct appeal was followed with the filing of his action for post-conviction relief on August 27, 2014, and the filing of a verified motion for discharge and request for production of certain documents on November 6, 2014. This latter motion was denied on the same day it was filed. On December 4, 2014, Caudle filed a notice of appeal. That appeal was dismissed on March 31, 2015, for lack of jurisdiction. Meanwhile, the post-conviction action had been briefed, but was dismissed without prejudice at Caudle's request. The following indicates what then transpired:

| | |
|---|---|
| March 14, 2016 | action for post-conviction relief filed |
| June 22, 2016 | state habeas corpus petition filed |
| June 28, 2016 | state habeas corpus petition denied |
| August 12, 2016 | motion to supplement and amend the action for post-conviction relief; motion denied |
| August 22, 2016 | notice of appeal filed |
| August 24, 2016 | another state habeas corpus petition filed |
| August 24, 2016 | state habeas corpus petition denied |
| August 26, 2016 | notice of appeal filed |

The respondent has appeared in the action and argues that Caudle has not exhausted his available state court remedies and that the action should therefore be dismissed without prejudice. The factual premise for this argument is that the post-conviction appeal is still pending as No. 49A05-1608-PC-01934. Caudle vehemently resists the respondent's argument.

### B. Discussion

As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001). *See also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court .

. . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

The hurdle Caudle faces here is the exhaustion of available remedies in the state courts. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004) (internal quotations and citations omitted). The exhaustion requirement is satisfied once a petitioner fairly presents his claims to each level of the state-court system for those courts' review. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

In Indiana, an action for post-conviction relief constitutes a meaningful state court remedy. *See Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). A case in point is *Brown v. State,* 458 N.E.2d 245 (Ind.Ct.App. 1983), wherein the defendant's probation was revoked based solely upon the fact that he was subsequently convicted for another crime. However, when his subsequent conviction was overturned on appeal, the defendant filed a petition for post-conviction relief claiming that the revocation of his parole was not supported by the evidence. The trial court denied Brown's petition for post-conviction relief, but on appeal that decision was reversed. The Indiana Court of Appeals held that (1) if the revocation of a defendant's probation was based solely upon a conviction that was subsequently overturned on appeal, additional proof was required to support the revocation, *id.* at 249, and (2) the recommended procedure in the event of a reversal of a conviction which formed the basis of a revocation of probation is to hold a

new hearing to reconsider the prior revocation at which the court may hear all pertinent evidence.

Caudle explains that although he started a direct appeal, he resolved to follow the *"Davis/Hatton"* procedure--a procedure which terminates or suspends a previously initiated direct appeal upon a request for remand or stay, in order to allow the defendant to pursue a petition for post-conviction relief in the trial court; issues initially raised in the appeal as well as those determined in the post-conviction relief proceeding may be raised in the appeal. *See Hatton v. State,* 626 N.E.2d 442 (Ind. 1993); *Davis v. State,* 368 N.E.2d 1149 (Ind. 1977). Caudle claims the procedure was "sabotaged" when his direct appeal was dismissed with prejudice rather than without prejudice.

Even if Caudle's *Davis/Hatton* strategy went astray, there is still an appeal from the denial of post-conviction relief pending. That fact renders the filing of this federal habeas action premature. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). Caudle has not exhausted his habeas claims in the Indiana state courts, which remain open to him. **His petition for a writ of habeas corpus is therefore dismissed without prejudice.**

**Judgment consistent with this Entry shall now issue**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Caudle has failed to show that reasonable jurists would find it "debatable whether [this court] was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Indeed, because the petitioner's habeas challenge is progressing as already noted in this Entry, the dismissal ordered herein is a nonfinal order and hence is not even appealable. *See Gacho v. Butler*, 792 F.3d 732, 736 (7th Cir. 2015). **The Court therefore denies a certificate of appealability.**

IT IS SO ORDERED.

Date: __5/12/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

GREGORY ALAN CAUDLE
900165
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838